**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| Pitbull Productions, Inc. | ) |
| | ) |
|            Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| Flava Works, Inc., | ) |
| | ) |
|            Defendant. | ) |
| | ) |

Civ. No.: 10-CV-4703 (SHS)

MEMORANDUM OF LAW
IN SUPPORT OF
MOTION TO DISMISS

<u>**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT**</u>
<u>**OF ITS  MOTION TO DISMISS COMPLAINT**</u>

Havona Madama, Esq. (HM4711)
Madama Griffitts O'Hara LLP
450 Park Avenue South, Ninth Floor
New York, NY 10016
Tel. (212) 209-5462
Fax (212) 209-5460

Mirta Desir, Esq.
(pending motion to appear *Pro Hac Vice*)
Staff Attorney for Flava Works, Inc.
2610 N. Miami Ave.
Miami, FL 33127
Tel. (305) 438-9450 ext. 302

Attorneys for Defendant Flava Works, Inc.

**Electronically Submitted**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………...ii

PRELIMINARY STATEMENT OF FACTS AND PROCEDURAL
HISTORY……………………………………………………...…………………………..1

LEGAL ARGUMENT……………………………………………………………………2

I.   Plaintiff Has Not Pleaded a Prima Facie Case That Jurisdiction
     Exists……………………………………………………………………………3

II.  Complaint Does Not Allege Facts Sufficient
     For Court to Confer Jurisdiction over Defendant……….………..……………………....4

     A. Complaint Does Not Allege New York's Long-Arm
        Statute Confers Personal Jurisdiction Over the Defendant………………………….4

        1. Jurisdiction not plead under CPLR § 302(a)(1)………………………..…………..4

        2. Jurisdiction not plead under CPLR § 302(a)(2)…………………………...……..5

        3. Jurisdiction not plead under CPLR § 302(a)(3)………………………….....6

        4. Due Process………………………………………………………………7

III. Venue is Not Properly Plead……...……………………………………………7

IV.  Plaintiff Has Failed to State Claims Upon Which Relief Can Be Granted……………..8

     A.  Plaintiff Lacks Standing……………………………………………………8

     B. Plaintiff's Allegations Regarding Purposefulness and Intent Are Merely Conclusory..9

     C. Plaintiff's Allegations of Trade Dress Infringement Are Merely Conclusory………..10

     D. Plaintiff Has Failed to Allege That Defendant Is Using a Counterfeit Mark………...12

     E. Plaintiff Has Failed to Allege Bad Faith With Regard to Its State
        Unfair Competition Claim…………………………………………………14

     F. Plaintiff Has Not Justified the Imposition of a Preliminary Injunction………………15

CONCLUSION……………………………………………………………………..16

## TABLE OF AUTHORITIES

### United States Supreme Court Cases

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009)………………………………………………………...9, 10

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)…………………………………………………..…….…….…9

### United States Circuit Court Cases

Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.,
    98 F.3d 25 (2d Cir. 1996)……………………………………………………4, 5

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,
171 F.3d 779 (2d Cir. 1999)………………………………………………..…4, 5, 6

CutCo. Indus., Inc. v. Naughton,
    806 F.2d 361 (2d Cir. 1986)……………………………………...……..5

Fun-Damental Too v. Gemmy Indus. Corp.,
    111 F.3d 993 (2d Cir. 1997)……………………………………….……..10

Genesee Brewing Co., Inc. v. Stroh Brewing Co.,
    124 F.3d 137 (2d Cir. 1997)……………………………………….……..14

Jazini v. Nissan Motor Co., Ltd.,
    148 F.3d 181 (2d Cir. 1998)……………………………………….……3

Kernan v. Kurz-Hastings, Inc.,
    175 F.3d 236 (2d Cir. 1999)……………………………………….……3

Landscape Forms, Inc. v. Columbia Cascade Co.,
    113 F.3d 373 (2d Cir. 1997)……………………………………...……10

Mareno v. Rowe,
    910 F.2d 1043 (2d Cir. 1990)……………………………………...………7

Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,
    84 F.3d 560 (2d Cir. 1996)……………………………………..………7

Monsanto Int'l Sales v. Hanjin Container,
    962 F.2d 4 (2d Cir. 1991)……………………………………………6

Montres Rolex, S.A. v. Snyder,
    718 F.2d 524 (2d Cir. 1983)……………………………………………...………13

No Spray Coalition, Inc. v. City of New York,
    252 F.3d 148 (2d Cir. 2001)……………………………………………...………15

Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.,
    175 F.3d 266 (2d Cir. 1999)……………………………………………...…………15

Sherwood 48 Assocs. V. Sony Corp. of Am.,
    76 Fed. Appx. 389 (2d Cir. 2003)…………………………………...…………11

Thomas v. Ashcroft,
    470 F.3d 491 (2d Cir. 2006)…………………………………………….…………3

Whitaker v. American Telecasting, Inc.,
    261 F.3d 196 (2d Cir. 2001)…………………………………………………2, 4

## United States District Court Cases

Bert v. N.Y. City Bd. of Elections,
    2006 U.S. Dist. LEXIS 63836 (E.D.N.Y.)……………………………….……………15

Best Cellars, Inc. v. Wine Made Simple, Inc.,
    320 F. Supp. 2d 60 (S.D.N.Y. 2003)…………………………………...…………..10

Blue Nile, Inc. v. Ice.com, Inc.,
    478 F. Supp. 2d 1240 (W.D. Wash. 2007)……………………………….…………11

Brooklyn Bottling of Milton, N.Y., Inc. v. Ecuabeverage Corp.,
    2008 U.S. Dist. LEXIS 15906 (S.D.N.Y. 2008)…………………………..………8

Calvin Klein Jeanswear Co. v. Tunnel Trading,
    2001 U.S. Dist. LEXIS 18738 (S.D.N.Y. 2001)…………………………..………8

Capital Records, Inc. v. MP3tunes, LLC,
    2008 U.S. Dist. LEXIS 73529 (S.D.N.Y. 2008)…………………………..…4, 5

Carlson v. Cuevas,
    932 F. Supp. 76 (S.D.N.Y. 1996)……………………………………………...……..5

Conf. Archives, Inc. v. Sound Images, Inc.,
    2010 U.S. Dist. LEXIS 46955 (W.D. Pa. 2010)………………………………11

Consol. Cigar Corp. v. Monte Cristi de Tabacos,

  58 F. Supp. 2d 188 (S.D.N.Y. 1999)……………………………………………..……13

Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.,
  689 F. Supp. 2d 585 (S.D.N.Y. 2010)……………………………………….……….14

Hair Assocs. V. Nat'l Hair Replacement Servs.,
  987 F. Supp. 569 (W.D. Mich. 1997)…………………………………...……..…...13

Kensington Publ'g Corp. v. Gutierrez,
  2009 U.S. Dist. LEXIS 110088 (S.D.N.Y. 2009)………………………………….14

Line Communications Corp. v. Reppert,
  265 F. Supp. 2d 353 (S.D.N.Y. 2003)……………………………………………...15

Max Impact, LLC v. Sherwood Group, Inc.,
  2009 U.S. Dist. LEXIS 50047 (S.D.N.Y. 2009)………………………………….…11

Monsanto Int'l Sales Co., Inc. v. Hanjin Container Lines, Ltd.,
  770 F. Supp. 832 (S.D.N.Y. 1991)…………………………………………………..6

Nat'l Lighting Co. v. Bridge Metal Indus.,
  601 F. Supp. 2d 556 (S.D.N.Y. 2009)……………………………………………...11

Nomination Di Antonio E. Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd.,
  2009 U.S. Dist. LEXIS 117368 (S.D.N.Y. 2009)…………………………………9

PC COM, Inc. v. Proteon, Inc.,
  906 F. Supp. 894 (S.D.N.Y. 1995)…………………………………………………..6

Pepe (U.K.) Ltd. V. Ocean View Factory Outlet Corp.,
  770 F. Supp. 754 (D.P.R. 1991)……………………………………………………13

Plaskolite, Inc. v. Zhejiang Taizhou Eagle Mach. Co.,
  2008 U.S. Dist. LEXIS 99395 (S.D. Ohio 2008)…………………………………….8

Robles v. Khahaifa,
  2010 U.S. Dist. LEXIS 22006 (W.D.N.Y. 2010)…………………………………..15

SG Servs. v. God's Girls, Inc.,
  2007 U.S. Dist. LEXIS 61970 (C.D. Cal. 2007)…………………………………….11

Sodepac, S.A. v. M/V Choyang Park,
  2002 U.S. Dist. LEXIS 19360 (S.D.N.Y. 2002)…………………………………..…3

Steward v. Hotung,
  2004 U.S. Dist. LEXIS 13753 (W.D.N.Y. 2004)………………………………..….15

v

Team Obsolete Ltd. V. A.H.R.M.A. Ltd.,
    2002 U.S. Dist. LEXIS 10737 (E.D.N.Y. 2002)……………………………………………..5

Viacom Int'l, Inc. v. Melvin Simon Prods.,
    774 F. Supp. 858 (S.D.N.Y. 1991)……………………………………………...…4

**Federal Statutes**

15 U.S.C. § 1114……………………………………………………………..…….8, 9

15 U.S.C. § 1116……………………………………………………………………12

15 U.S.C. § 1117……………………………………………………….…….12, 14

15 U.S.C. § 1127……………………………………………………………………12

**Congressional Record**

130 Cong. Rec. H12076 (Daily Ed. Oct. 10, 1983)………………………………………..13

**State Statutes**

CPLR § 302(a)(1)………………………………………………………….. passim

CPLR § 302(a)(2)……………………………………………………..… passim

CPLR § 302(a)(3)……………………………………………………….. passim

Defendant Flava Works, Inc. (hereinafter "Flava Works" or "Defendant") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the instant action of Plaintiff Pitbull Productions, Inc. (hereinafter "Pitbull" or "Plaintiff"), pursuant to Rules 12(b)(2), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that: 1.) the Court lacks personal jurisdiction over the Defendant; 2.)  the Southern District of New York is an improper venue for this action; and 3.) Plaintiff has failed to state claims upon which relief can be granted.

## PRELIMINARY STATEMENT OF FACTS AND PROCEDURAL HISTORY

On June 19, 2010, Plaintiff commenced the instant lawsuit in the Southern District of New York (S.D.N.Y.), claiming trademark and trade dress infringement under the Lanham Act, false designation of origin under the Lanham Act, and common law trademark infringement and unfair competition under the laws of the State of New York.

## LEGAL ARGUMENT

Plaintiff's Complaint contains no allegations upon which this Court may confer personal jurisdiction upon the Defendant.  The Complaint contains an admission that Defendant is a Florida corporation, not a New York Corporation.  The Complaint further alleges Defendant applied for a Federal Trademark and displays products confusingly similar to Plaintiff's products in violation of the Lanham Act and such actions constitute common law trademark infringement and unfair competition.  However, the Complaint fails to allege that any of the alleged acts occurred in New York; caused damages in New York, nor that Defendant conducted any business in New York in connection with the aforementioned allegations.

A federal court examining a motion to dismiss for lack of personal jurisdiction conducts a two-part inquiry. First, the court considers whether jurisdiction exists under the long-arm statute

1

("LAS") of the forum state, in this case New York. See Whitaker v. American Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001). Second, the Court determines whether the exercise of jurisdiction would be consistent with federal due process requirements. Id.

New York's LAS is codified at CPLR § 302(a). This statute permits the assertion of personal jurisdiction over an out-of-state defendant only if the plaintiff's claim "arises from" certain acts committed by the defendant: "transact[ing] any business within the state," "commit[ting] a tortious act within the state," or "commit[ting] a tortious act without the state causing injury to a person or property within the state…if [the defendant] (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state" or "(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." Thomas v. Ashcroft, 470 F.3d 491, 495-96 (2d Cir. 2006) (citing CPLR § 302(a)).   The Complaint contains no allegations the Plaintiff's claim arises from act committed by the Defendant while transacting business in New York, nor that Defendant committed a tortious act within New York, nor that Defendant committed a tortious act elsewhere that caused damages in New York.  In fact, the Complaint is silent as to allegations of personal jurisdiction over the Defendant, instead alleging solely subject matter jurisdiction and making the conclusory self-serving statement that venue is proper because "Defendant is subject to personal jurisdiction within the district."

## I.   Plaintiff Has Not Pleaded a Prima Facie Case That Jurisdiction Exists

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(2), the plaintiff bears the burden of establishing a prima facie case that jurisdiction exists. See Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999). This burden cannot be met by mere conclusory or vague

generalizations or by the mere recitation of the legal elements for jurisdiction. See <u>Jazini v. Nissan Motor Co., Ltd.</u>, 148 F.3d 181, 184-86 (2d Cir. 1998) (rejecting conclusory statements and restatements of legal standards as basis for prima facie showing of jurisdiction, even prior to discovery).; <u>Sodepac, S.A. v. Choyang Park</u>, 2002 U.S. Dist. LEXIS 19360 at *12 (S.D.N.Y. 2002) (finding legal conclusions couched as factual allegations are not factual allegations and cannot substitute for them).

In its attempt to establish jurisdiction, Plaintiff relies solely on the vague and conclusory allegation that Defendant is allegedly "subject to personal jurisdiction within this district" (<u>see</u> <u>Plaintiff's Complaint</u> at 2). Plaintiff offers no further explanation or justification as to why personal jurisdiction over Defendant is or would be proper.

Plaintiff's conclusory and vague generalization, which does not even rise to a recitation of the legal standard, has been rejected as insufficient by the Second Circuit and this Court. <u>See, e.g.</u>, <u>Jazini</u> at 184-86; <u>Sodepac</u> at *12. Indeed, Plaintiff makes no allegations of fact whatsoever to establish that the Defendant has sufficient contacts with the State of New York to subject it to personal jurisdiction here. Accordingly, the Complaint should be dismissed because it does not set forth a <u>prima facie</u> case that personal jurisdiction exists.

## II. <u>Complaint does not allege facts sufficient for Court to confer jurisdiction over Defendant</u>

### A. <u>Complaint Does Not Allege New York's Long-Arm Statute Confers Personal Jurisdiction Over the Defendant</u>

The first step in determining whether this Court has personal jurisdiction over out-of-state defendants is to determine whether jurisdiction exists under New York's Long Arm Statute. <u>Whitaker</u>, 261 F.3d at 208. As shown herein, the Complaint does not allege personal jurisdiction over the Defendant under any of the prongs of New York's Long Arm Statute.

3

    1.  <u>Jurisdiction not plead under CPLR § 302(a)(1)</u>

Personal jurisdiction under CPLR § 302(a)(1) exists only where the cause of action at issue arises as a result of the defendant's transacting business within New York or contracting anywhere to supply goods or services in New York.  <u>See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez</u>, 171 F.3d 779, 784 (2d Cir. 1999). In order for this standard to be met, the cause of action must "arise 'out of the subject matter of the transaction.'" <u>Capitol Records, Inc. v. MP3tunes, LLC</u>, 2008 U.S. Dist. LEXIS 75329 at *9 (S.D.N.Y. 2008) (quoting <u>Viacom Int'l, Inc. v. Melvin Simon Prods.</u>, 774 F. Supp. 858, 862 (S.D.N.Y 1991)); <u>see also</u> <u>Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.</u>, 98 F.3d 25, 31 (2d Cir. 1996) (for personal jurisdiction to exist under CPLR § 302(a)(1), a substantial nexus between the business transacted and the cause of action must exist).

In this case, Plaintiff has not pleaded any facts in the Complaint to establish that Defendant has conducted any business in New York whatsoever, let alone any facts that serve to show that any of Plaintiff's causes of action arose from any such purported business. Accordingly, personal jurisdiction does not exist under CPLR § 302(a)(1).

    2.  <u>Jurisdiction not plead under CPLR § 302(a)(2)</u>

New York courts and the Second Circuit have "consistently interpreted § 302(a)(2) jurisdiction narrowly," <u>Carlson v. Cuevas</u>, 932 F.Supp. 76, 79 (S.D.N.Y. 1996), and have held that "to qualify for jurisdiction under this subsection, a defendant's act or omission must have occurred within the state. <u>Bank Brussels Lambert</u>, 171 F.3d at 789-90 (internal quotes omitted). Thus, physical presence in New York is required to satisfy CPLR § 302(a)(2). <u>See Team Obsolete Ltd. V. A.H.R.M.A. Ltd.</u>, 2002 U.S. Dist. LEXIS 10737 at *3 (E.D.N.Y. 2002) ("to

establish jurisdiction under [CPLR § 302(a)(2)], a person must be physically present within the state when the tortious act is committed").

In order for CPLR § 302(a)(2) to confer personal jurisdiction, the Defendant must have been physically present in New York at the time that the alleged tort was committed. As shown herein, Plaintiff has not alleged that Defendant is incorporated in New York, maintains an office in New York, has employees in New York, or has in any other manner been physically present in New York. Thus, the Complaint fails to allege the Court has personal jurisdiction over Defendant under CPLR § 302(a)(2).

### 3.   Jurisdiction not plead under CPLR § 302(a)(3)

In order to prove that personal jurisdiction exists under CPLR § 302(a)(3), a plaintiff must show that: (1) the defendant committed a tort outside of New York; (2) the tort caused injury to the plaintiff within New York; (3) the defendant expected its acts to have consequences in New York; and (4) the defendant derived substantial resources from interstate or international commerce. See Monsanto Int'l Sales Vo., Inc. v. Hanjin Container Lines, Ltd., 770 F.Supp. 832, 840 (S.D.N.Y. 1991), modified on reargument 1991 WL 210951, aff'd Monsanto Int'l Sales v. Hanjin Container, 962 F.2d 4 (2d Cir. 1991); see also PC COM, Inc. v. Proteon, Inc., 906 F.Supp. 894 (S.D.N.Y. 1995) (setting forth elements required to establish jurisdiction pursuant to CPLR § 302(a)(3)). Each of the four elements is essential and no personal jurisdiction exists unless plaintiff establishes *all* of the elements. See id. (emphasis added).

With regard to the second prong of this test, "courts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the original event which caused the injury." Bank Brussels Lambert, 171 F.3d at 791 (quotation marks omitted). "The situs-of-the injury is the location of

the original event, which caused the injury, not the location where the resultant damages are subsequently felt by the plaintiff." Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990) (internal citations and quotation marks omitted).

The Complaint does not contain an allegation of the location of the event which purportedly caused the injury.  Plaintiff has not alleged that Defendant expected its acts to have consequences in New York or that Defendant derived substantial resources from interstate or international commerce.  The Complaint fails to satisfy the requirements for pleading personal jurisdiction pursuant to CPLR § 302(a)(3).

4.  Due Process

Plaintiff had not alleged sufficient facts for this Court to confer personal jurisdiction  on Defendant therefore an examination of whether the exercise of jurisdiction would be consistent with federal due process requirements is unnecessary. However, it should be noted that Plaintiff has not alleged in its Complaint that Defendant has the requisite minimum contacts with New York or that permitting jurisdiction would be reasonable. See Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996) (stating that a due process analysis has two components: "the minimum contacts inquiry and reasonableness inquiry").

**III. Venue is not properly plead**

Plaintiff alleges that the S.D.N.Y. is the proper venue for this action because, pursuant to 28 U.S.C. § 1391(c), "Defendant is subject to personal jurisdiction within this district." See Plaintiff's Complaint at 2.

Where a plaintiff fails to make a prima facie case for personal jurisdiction, venue is improper. See, e.g., Plaskolite, Inc. v. Zhejiang Taizhou Eagle Mach. Co., 2008 U.S. Dist. LEXIS 99395, *14-15 (S.D. Ohio 2008) (finding venue lacking where plaintiff had failed to

assert prima facie case for personal jurisdiction, stating "[a]bsent personal jurisdiction, venue is also inappropriate").

It has already been established that Plaintiff has failed to make a prima facie showing of personal jurisdiction such that this Court cannot confer personal jurisdiction on Defendant. Thus, the assertion that venue is proper on this basis cannot stand. Accordingly, Plaintiff's complaint should be dismissed for improper venue.

### IV. Plaintiff Has Failed to State Claims Upon Which Relief Can Be Granted

A.  Plaintiff Lacks Standing

Plaintiff, Pitbull Productions, Inc., is seeking to enforce the trademarks rights of the individual Jonelle Thompson, the registered owner of the "TIGER TYSON" mark. See Plaintiff's Complaint at 3-4. Pursuant to 15 U.S.C. § 1114(1), only a "registrant" has standing to assert a claim of trademark infringement concerning a registered trademark. See 15 U.S.C. § 1114(1); see also Brooklyn Bottling of Milton, N.Y., Inc. v. Ecuabeverage Corp., 2008 U.S. Dist. LEXIS 15906, *2-3 (S.D.N.Y. 2008) (finding plaintiff licensee did not have standing to assert claim under 15 U.S.C. § 1114); Calvin Klein Jeanswear Co. v. Tunnel Trading, 2001 U.S. Dist. LEXIS 18738, *12-13 (S.D.N.Y. 2001) (finding non-registrant plaintiff did not have standing to assert claim under 15 U.S.C. § 1114). The Act further defines registrant as including the registrant and its legal representatives, predecessors, successors and assigns. See 15 U.S.C. § 1127.

Plaintiff is not the registrant for the "TIGER TYSON" mark. See Plaintiff's Complaint at Exhibit A (listing the individual Jonelle Thompson as registrant). Plaintiff does not specify what relationship it has, if any, with the individual Jonelle Thompson. Nevertheless, Plaintiff alleges "trademark…infringement **under the Lanham Action [sic], including Section 43(a)**" with

7

respect to the "TIGER TYSON" mark. See Plaintiff's Complaint at 5 (emphasis added). This language indicates that Plaintiff is seeking to enforce its rights under the *entire* Lanham Act, which necessarily includes § 1114. Thus, Plaintiff does not have standing to assert a claim for trademark infringement, pursuant to 15 U.S.C. § 1114, with respect to the "TIGER TYSON" mark. Accordingly, any such claim must be dismissed for lack of standing.

   B.  Plaintiff's Allegations  Regarding Purposefulness and Intent Are Merely Conclusory

Plaintiff alleges, "[u]pon information and belief," that Defendant has acted "with the purpose and intent of confusing the relevant trade and public." See Plaintiff's Complaint at 4. Such threadbare recitations are merely conclusory re-statements of the relevant law couched as actual facts. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation) (internal quotes omitted); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (to survive a motion to dismiss, a complaint must contain more than "naked assertions devoid of further factual enhancements") (internal quotes omitted).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, at 1950. See also Nomination Di Antonio E. Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd., 2009 U.S. Dist. LEXIS 117368, *18-19 (S.D.N.Y. 2009) (finding that while plaintiff had alleged "upon information and belief" that defendants had "contributed to such infringement by their knowing participation in the development, promotion and sale of [certain goods][,]" those were precisely the type of conclusory allegations that the Supreme Court was concerned with in Iqbal).

Plaintiff's conclusory statement as to the purported purposefulness and intent of Defendant's alleged actions is precisely the type of naked assertion that the United States

Supreme Court regarded as insufficient in <u>Twombly</u> and <u>Iqbal</u>. As such, Plaintiff's claims, without further factual enhancements, cannot stand and must be dismissed.

      C.  <u>Plaintiff's Allegations of Trade Dress Infringement Are Merely Conclusory</u>

Plaintiff alleges that Defendant's "activities constitute…trade dress infringement." <u>See Plaintiff's Complaint</u> at 5. However, Plaintiff does not elaborate. Not only does Plaintiff fail to indicate what, if any, trade dress it actually has to protect, but Plaintiff also fails to indicate whether its trade dress has been placed on the Principal Register. Furthermore, Plaintiff fails to indicate whether its purported protectable trade dress is in the form of product packaging or product design.

Under the law, product packaging and product design are two distinct realms of trade dress, each with their own test for inherent distinctiveness. <u>See</u> <u>Landscape Forms, Inc. v. Columbia Cascade Co.</u>, 113 F.3d 373, 379 (2d Cir. 1997). As such, each category has its own pleading requirements.

To successfully plead product packaging trade dress infringement, a plaintiff must allege that its trade dress is either inherently distinctive, or that it has acquired distinctiveness through a secondary meaning (although an otherwise inherently distinctive trade dress is entitled to protection only if it is also nonfunctional), and that there is a likelihood of confusion between defendant's trade dress and plaintiff's. <u>See</u> <u>Best Cellars, Inc. v. Wine Made Simple, Inc.</u>, 320 F. Supp. 2d 60, 69 (S.D.N.Y. 2003) (citing <u>Fun-Damental Too v. Gemmy Indus. Corp.</u>, 111 F.3d 993, 999 (2d Cir. 1997)). However, it is "important that the party claiming protection ***articulate with specificity the elements comprising its trade dress*** for purposes of the distinctiveness inquiry." <u>Id</u>. at 71 (emphasis added).

On the other hand, to successfully plead product design trade dress infringement, a plaintiff must allege that: (1) the claimed trade dress is non-functional; (2) the claimed trade dress has secondary meaning; (3) there is a likelihood of confusion between the plaintiff's goods and the defendant's; and (4) offer a ***precise expression of the character and scope*** of the claimed trade dress. See Nat'l Lighting Co. v. Bridge Metal Indus., 601 F. Supp. 2d 556, 560-61 (S.D.N.Y. 2009) (citing Sherwood 48 Assocs. v. Sony Corp. of Am., 76 Fed. Appx. 389, 391 (2d Cir. 2003) (emphasis added).

Importantly, it should be noted that Plaintiff operates websites (indeed, some of its registered marks incorporate its websites' addresses). Trade dress with regard to websites is an emerging area of law. However, courts have phrased website trade dress as referring to the "look and feel" of the website and have determined that a website's trade dress can be either product packaging or product design, depending on how the site is operated. See, e.g., Conf. Archives, Inc. v. Sound Images, Inc., 2010 U.S. Dist. LEXIS 46955 at *47-48 (W.D. Pa. 2010) (equating a website's "look and feel" to product design); SG Servs. v. God's Girls Inc., 2007 U.S. Dist. LEXIS 61970, *28-29 (C.D. Cal. 2007) (using product design analogy for a website); Max Impact, LLC v. Sherwood Group, Inc., 2009 U.S. Dist. LEXIS 50047 (S.D.N.Y. 2009) (intimating that website trade dress could be product packaging or product design, but that the court could not reach conclusion because there was "***nothing in the [c]omplaint or in the record describing the packaging or any unique aspects of the product design***") (emphasis added); see also Blue Nile, Inc. v. Ice.com, Inc., 478 F. Supp. 2d 1240, 1246 (W.D. Wash. 2007) (denying defendant's motion to dismiss trade dress claim where plaintiff had ***specifically pleaded*** "look and feel" of website as its trade dress) (emphasis added).

10

In this case, Plaintiff has not articulated with any specificity the elements that comprise its purported trade dress. Plaintiff has made no reference to the functionality of its purported trade dress. Further, Plaintiff has not claimed that its purported trade dress has secondary meaning. Finally, Plaintiff has not offered a precise expression of the character and scope of the claimed trade dress. In fact, Plaintiff has made no reference whatsoever to its purported trade dress, other than to allege that Defendant has infringed it. As such, Defendant is unable to adequately address whether Defendant's marks allegedly infringe Plaintiff's product packaging trade dress or its product design trade dress, or even whether Plaintiff has a properly protectable interest in its purported trade dress in the first place.

Because each distinct realm of trade dress requires a different test, and Plaintiff has failed to allege any facts more than the mere conclusory allegation that Defendant has infringed Plaintiff's purported trade dress, Defendant and this Court cannot possibly discern which test of trade dress infringement to apply. Furthermore, Plaintiff's trade dress infringement claim fails to properly allege sufficient facts to establish that Plaintiff is entitled to relief for any alleged infringement. Accordingly, Plaintiff's trade dress infringement claim must be dismissed.

D. <u>Plaintiff Has Failed to Allege That Defendant Is Using a Counterfeit Mark</u>

Plaintiff is seeking enhanced statutory damages pursuant to 15 U.S.C. § 1117(c)(2) for use of a counterfeit mark. A "counterfeit mark" is defined by 15 U.S.C. §§ 1116(d), 1127 as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark."

Cases applying the "substantially indistinguishable" test are inherently fact intensive. In general, however, marks that are similar to the registered mark, but differ by two or more letters, are ***not likely to be considered counterfeit***. <u>See</u>, <u>e.g.</u>, <u>Montres Rolex, S.A. v. Snyder</u>, 718 F.2d

11

524, 532 (2d Cir. 1983) (it could not be seriously contended that the average consumer would have found "Amazonas" on shoe heels and soles substantially indistinguishable from "Amazon"; average purchaser would likely not find "Bolivia" watch to be substantially indistinguishable from "Bulova" watch); 130 Cong. Rec. H12076, at H12078 (Daily Ed. Oct. 10, 1983) ("Prastimol" medication not counterfeit of functional equivalent medication sold under the trademark "Mostimol").

On the other hand, marks that are *identical* to the registered mark as it appears in the marketplace have been held to be counterfeit. See, e.g., Consol. Cigar Corp. v. Monte Cristi de Tabacos, 58 F. Supp. 2d 188 (S.D.N.Y. 1999) ("Montecristo" cigars were counterfeits of plaintiff's cigars bearing *that name* despite minor differences in the trade dress) (emphasis added); Pepe (U.K.) Ltd. v. Ocean View Factory Outlet Corp., 770 F. Supp. 754, 759 (D.P.R. 1991) (defendants' T-shirts that *exactly reproduced PEPE mark* as it appeared on plaintiff's T-shirts were counterfeit) (emphasis added).

Plaintiff has not alleged that Defendant's marks are identical to Plaintiff's marks. Furthermore, Plaintiff has not alleged that Defendant's marks are substantially indistinguishable from Plaintiff's marks. Plaintiff does not allege that Defendant's marks are similar to Plaintiff's marks within two or more letters. Plaintiff merely alleges that the marks are confusingly similar. At best, this language presents a situation that, if proved, would classify Defendant's marks as "colorable imitation[s]" of Plaintiff's marks. See 15 U.S.C. § 1127; see also e.g., Hair Assocs. v. National Hair Replacement Servs., 987 F. Supp. 569, n.23 (W.D. Mich. 1997) (stating that colorable imitations are "not the same thing as counterfeit under the [Lanham] Act). Accordingly, this is insufficient to raise the status of the allegedly infringing marks to that of a counterfeit mark.

Furthermore, § 1117(c)(2) requires a finding of willfulness. As discussed in Section IV.B, supra, Plaintiff's allegations of willfulness are merely conclusory and wholly devoid of factual enhancement. Accordingly, Plaintiff has failed to state a proper claim that Defendant is willfully using a counterfeit mark.

    E.  <u>Plaintiff Has Failed to Allege Bad Faith With Regard to Its State Unfair Competition Claim</u>

Plaintiff alleges unfair competition under the common law of New York. Under New York law, unfair competition necessarily requires a showing of "bad faith." <u>See</u> <u>Kensington Publ'g Corp. v. Gutierrez</u>, 2009 U.S. Dist. LEXIS 110088, *22 (S.D.N.Y. 2009) ("[A] common law unfair competition claim 'is not viable without a showing of bad faith.'") (citing <u>Genesee Brewing Co., Inc. v. Stroh Brewing Co.</u>, 124 F.3d 137, 149 (2d Cir. 1997)). "An unfair competition claim under common law is governed largely by the same standards as its Lanham Act counterparts, except common law requires a showing of bad faith or intent. Use of a counterfeit mark creates a presumption of bad faith." <u>Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.</u>, 689 F. Supp. 2d 585, 598-99 (S.D.N.Y. 2010) (internal citations omitted).

To support its contention that Defendant has acted with bad faith, Plaintiff alleges in its Complaint merely that Defendant has acted "with the purpose and intent of confusing the relevant trade and public." <u>See</u> <u>Plaintiff's Complaint</u> at 4-5. As discussed above, Plaintiff's allegations regarding any purported bad faith on the part of Defendant are merely conclusory statements of law couched as facts (<u>see</u> Section IV.B, <u>supra</u>). Further, as shown above, Plaintiff has not alleged that Defendant is using a counterfeit mark (<u>see</u> Section IV.D, <u>supra</u>). Accordingly, as Plaintiff has not adequately pleaded bad faith, nor has it pleaded use of a counterfeit mark, its claim for unfair competition under New York law must be dismissed.

F.  <u>Plaintiff Has Not Justified the Imposition of a Preliminary Injunction</u>

Plaintiff requests a preliminary injunction. A preliminary injunction may be granted when the party seeking the injunction establishes that "1.) absent injunctive relief, it will suffer irreparable harm, and 2.) either a.) that it is likely to succeed on the merits, or b.) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." See <u>Steward v. Hotung</u>, 2004 U.S. Dist. LEXIS 13753, *9-10 (W.D.N.Y. 2004) ((citing <u>No Spray Coalition, Inc. v. City of New York</u>, 252 F.3d 148, 150 (2d Cir. 2001) (per curiam) (quoting <u>Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.</u>, 175 F.3d 266, 270 (2d Cir. 1999))

Further, a preliminary injunction is not warranted where allegations of irreparable harm are merely conclusory. <u>See</u> <u>Bert v. N.Y. City Bd. of Elections</u>, 2006 U.S. Dist. LEXIS 63836, *11 (E.D.N.Y. 2006) ("[t]his Court cannot be expected to issue a preliminary injunction on mere conclusory statements"); <u>Robles v. Khahaifa</u>, 2010 U.S. Dist. LEXIS 22006, *3 (W.D.N.Y. 2010) (conclusory allegations are insufficient to support a request for a preliminary injunction); <u>Line Communications Corp. v. Reppert</u>, 265 F. Supp.2d 353, 358 (S.D.N.Y. 2003) (a preliminary injunction will not be awarded unless the rights of the parties are "indisputably clear").

In this case, while Plaintiff does allege that it "has suffered, is suffering, and will continue to suffer, irreparable damage" (<u>see</u> <u>Plaintiff's Complaint</u> at 5), this is merely a conclusory statement, without any supporting factual allegations. Further, Plaintiff has not alleged that it is likely to succeed on the merits or that the balance of hardships tip decidedly in its favor. In fact, Plaintiff makes no mention whatsoever to the hardships of either party, let alone the substantial hardships that Defendant would suffer if a preliminary injunction were granted.

Plaintiff has not alleged any specific facts that would warrant the issuing of a preliminary injunction, therefore its claim must be dismissed.

## CONCLUSION

Based on the foregoing reasons, Defendant respectfully moves this Court for a dismissal of the Complaint in its entirety with prejudice.

Dated: July 21, 2010

Respectfully submitted,

s/ Havona Madama

_____

Havona Madama, Esq. (HM4711)
Madama Griffitts O'Hara LLP
450 Park Avenue South, Ninth Floor
New York, NY 10016
Tel. (212) 209-5462

Mirta Desir, Esq.
(pending motion to appear *Pro Hac Vice*)
Staff Attorney for Flava Works, Inc.
2610 N. Miami Ave.
Miami, FL 33127
Tel. (305) 438-9450 ext. 302

Attorneys for Defendant Flava Works, Inc.

15