UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.: 10-CV-4703 (SHS)

------------------------------------------------x
PITBULL PRODUCTIONS, Inc.,              :
       Plaintiff,               :    **AMENDED**
v.                                      :    **COMPLAINT**
                                        :
                                        :    **JURY TRIAL**
                                        :    **DEMANDED**
                                        :
FLAVA WORKS, INC.,                      :
       Defendant.               :
------------------------------------------------x

Plaintiff Pitbull Productions, Inc. ("Plaintiff" or "Pitbull"), by its attorneys Meredith & Keyhani, PLLC, as and for its complaint against Defendant alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action to stop Defendant from unlawfully displaying, selling and distributing adult films and digital media video content in stores and on the Internet in violation of Plaintiff's trademarks. Defendant operates an internet website dedicated to the repeated and exploitative unauthorized sale and distribution of digital media video content that is confusingly similar to Plaintiff's marks. Defendant's conduct has caused and continues to cause Plaintiff grave and irreparable harm.

### THE PARTIES

2. Plaintiff is a company organized and existing under the laws of Delaware with a place of business at 200 East 116th Street, Suite 2R, New York, New York 10029.

1

3.      On information and belief, Flava Works, Inc. ("Flava Works" or "Defendant") is a corporation organized and existing under the laws of Florida with a place of business at 2610 N. Miami Avenue, Miami, Florida 33127.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, and 28 U.S.C. §1338, and 28 U.S.C. §1367 as the present case arises under the Lanham Act, 15 U.S.C § 1051 et seq., as amended, false designation of origin, and unfair competition as well as trademark infringement and unfair competition arising under the common law of the State of New York and as is hereinafter more fully described.

5.      This Court has personal jurisdiction over the Defendants, as Defendants have substantial, systematic and continuous contacts in the State of New York and within this District. Upon information and belief, Defendants and Defendant's agents sell infringing products in the State of New York.

6.      Upon information and belief, Defendant transacts business within the state, commits tortuous acts, inter alia trademark infringement, within the state, regularly does and solicits business within the state, engages in persistent course of conduct within the state and derives substantial revenue from interstate or international commerce.

7.      Venue is proper in this district under 28 U.S.C. 1391(c) because Defendant is subject to personal jurisdiction within this district.

## FACTUAL BACKGROUND

8.      Plaintiff repeats each and every allegation set forth in paragraphs 1 through 7 as though fully set forth herein.

9. Plaintiff is a company dedicated to adult entertainment film, movies and websites.

10. Plaintiff, among other things, produces adult film and video content ("adult content") for distribution through its website at http://www.thugporn.com, http://www.thugmart.com and various distributors and licensees.

11. Plaintiff has applied for various registered trademarks ("Plaintiff's Marks").

   a. U.S. Registration No. 3129121 for THUG PORN for "Production of video in the adult entertainment field" (the "Thug Porn Mark");

   b. U.S. Registration No. 2934966 for THUGPORN.COM for "Providing entertainment services in the nature of on-line adult entertainment by means of a world wide website on the internet";

   c. U.S. Registration No. 2938064 for THUGPORN.COM SINCE 2003 for "Providing entertainment services in the nature of on-line adult entertainment by means of a world wide website";

   d. U.S. Registration No. 2975836 for TP THUGPORN.COM SINCE 2003 for "Videotapes featuring adult entertainment";

   e. U.S. Registration No. 3594285 for THUGMART for "Online retail stores services featuring video tapes and DVDS, all in the field of adult entertainment";

   f. U.S. Registration No. 3164800 for TIGER TYSON for "Entertainment services, namely production of adult films; conducting parties; personal appearances by an adult video star; providing a website featuring adult entertainment; and live performances by a adult video star."

12. Plaintiff has common law trademark rights in the various word and design marks for each of the marks attached hereto as Exhibit A, as used in connection with pre-recorded CD's, video tapes, laser disks, Blue-Ray disks and DVD's featuring adult entertainment.

3

13. Plaintiff has gained nationwide recognition for Plaintiff's Adult Content produced and sold under its Plaintiff's Marks as a result of its widespread distribution of adult DVDs and marketing efforts.

14. On or about April 6, 2006, Defendant applied for a federal trademark for the word mark THUGBOY (application serial number 78854296) which was rejected by the United States Patent and Trademark Office ("USPTO") on September 18, 2006, the USPTO stating, "Registration of the proposed mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 3129121, 2938064, 2934966, and 2975836" [plaintiff's marks]. Defendant abandoned the application and a notice of abandonment was mailed April 16, 2007.

15. Defendant reapplied for substantially the same trademark on January 25, 2010 (application number 77919166), which was published for opposition on June 1, 2010. Plaintiff has filed a notice of opposition simultaneously with the present action.

16. Defendant applied for a design mark incorporating the words "Thug Boy" on January 20, 2010 (application number 77915525), which was published for opposition on June 1, 2010. Plaintiff has filed a notice of opposition simultaneously with the present action.

17. Defendant sells DVDs and video content at www.thubgoy.com and in DVD stores throughout the United States.

18. Defendant's use of the word marks Thug Boy and design marks incorporating the terms Thug Boy are causing consumer confusion with Plaintiff's marks.

19. Plaintiff's trademark Tiger Tyson in well know and has become famous among consumers of adult entertainment.

20. Defendant's website www.thugboy.com offers DVDs and digital content featuring "Tyson".

21. Defendant's use of "Tyson" has caused confusion among consumers and is likely to continue to cause confusion.

22. Defendant has displayed and continues to utilize, display and market competing products using mark confusingly similar to Plaintiff's Marks.

23. Defendant's unauthorized use of marks that are confusingly similar to Plaintiff's marks has caused and is likely to cause consumer confusion in the relevant market.

24. Upon information and belief, Defendant is engaging in this course of action willfully and with full knowledge and awareness of the trademark rights of Plaintiff, and with the purpose and intent of confusing the relevant trade and public into mistakenly believing that Defendant's services are associated with, affiliated with, or licensed by Plaintiff. Upon information and belief, Defendant has acted in bad faith adopting confusingly similar marks with full knowledge and awareness of Plaintiff's marks.

25. Plaintiff has suffered, is suffering, and will continue to suffer, irreparable damage to its reputation, potential goodwill and monies spent towards development and the goodwill accumulated through their respective trademarks unless Defendant is restrained by this Court.

26. Plaintiff has no adequate remedy at law.

## COUNT I – TRADEMARK INFRINGEMENT

27. Plaintiff repeats each and every allegation set forth herein in paragraphs 1 through 26 as though fully set forth herein.

28. Defendant's aforesaid activities constitute trademark infringement under the Lanham Action, including Section 43(a), of Plaintiff's Trademark rights.

29. Defendant's acts complained herein are likely to cause confusion, mistake, and deception of the relevant trade and public who are likely to believe that the services provided by Defendant are related to, connected to, or approved by Plaintiff when in fact they are not.

## COUNT II – FALSE DESIGNATION OF ORIGIN

30. Plaintiff repeats each and every allegation set forth herein in paragraphs 1 through 29 as though fully set forth herein.

31. Defendant's aforesaid activities constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C § 1125(a).

32. Defendant's use of Plaintiff's trademarks is likely to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection, or association between Defendant and Plaintiff as to the origin, sponsorship or approval of the services provided by Defendant.

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

33. Plaintiff repeats each and every allegation set forth herein in paragraphs 1 though 32 as though fully set forth herein.

34.    Defendant's aforesaid activities constitute infringement of Plaintiff's trademarks and constitute trademark infringement and unfair competition under the common law of the State of New York.

35.    Defendant's use of Plaintiff's trademarks is likely to cause confusion, mistake or deception among the relevant trade and public as to the existence of an affiliation, connection, or association between Defendant and Plaintiff as to the origin, sponsorship or approval of the services provided by Defendant.

**WHEREFORE**, Plaintiffs pray that:

A.   Defendants, its agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendants, be enjoined and restrained, permanently from:

1. Using in any way or form Plaintiffs' trademarks or any colorable imitation of Plaintiffs' trademarks (a complete list of common law and federal trademarks is attached hereto as Exhibit A) in connection with Defendant's products and/or services;

2. Doing any other act or thing likely to, or calculated to, induce the belief that Defendants are in any way affiliated, connected or associated with Plaintiffs;

3. Unfairly competing with Plaintiffs in any manner.

B.   Within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to remove and destroy any signs, promotional materials, advertisement posters and such that bear Plaintiffs' trademark (a complete list of common law and federal trademarks is attached hereto as Exhibit A);

C.   Defendant, its agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with Defendant be required to deliver up for destruction all DVDs, DVD covers, DVDs, labels, letterhead, business cards, signs, prints, packages, wrappers, receptacles, advertisements and the like in their possession bearing the name or mark of any of the trademarks in Exhibit A or any other reproduction, counterfeit, copy or colorable imitation of the trademarks listed in Exhibit A.

8

D.  Plaintiff recover the Defendant's profits, as well as the damages sustained by Plaintiff due to Defendant's infringement of Plaintiff's trademark rights, such amount of profits and damages to be trebled.

E.  Defendant be required in accordance with 15 U.S.C § 1116 to file with the Court and serve upon Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the terms of the injunction.

F.  Awarding Plaintiffs such damages, including compensatory and punitive damages, as are appropriate in view of the conduct, including the willful conduct, on the part of Defendants.

G.  Defendants be required to pay Plaintiffs the costs of this action, together with reasonable attorneys' fees and disbursements.

H.  Plaintiffs to have such other and further relief as this Court deems just and equitable.

I.  Plaintiff be awarded statutory damages, pursuant to the Lanham Act.

J.  Plaintiff to have such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by jury in this action.

Dated:  August 4, 2010                    Respectfully submitted,

                                                            _____
                                                            Jennifer Meredith
                                                            Meredith & Keyhani, PLLC
                                                            330 Madison Avenue
                                                            6th Floor
                                                            New York, New York 10017
                                                            Telephone (212) 760-0098
                                                            Direct Dial:  (646) 536-5692
                                                            Facsimile (212) 202-3819
                                                            jmeredith@meredithkeyhani.com