Havona Madama, Esq. (HM4711)
Madama Griffitts O'Hara LLP
450 Park Avenue South, Ninth Floor
New York, NY 10016
Tel. (212) 209-5462
Fax (212) 209-5460

Mirta Desir, Esq., *Pro Hac Vice*
Staff Attorney for Flava Works, Inc.
2610 N. Miami Ave.
Miami, FL 33127
E-mail: mdesir@gmail.com
Tel. (305) 438-9450 ext. 302

Attorneys for Defendant Flava Works, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

| | | |
|---|---|---|
| PITBULL PRODUCTIONS, INC., | : | |
| | : | |
| Plaintiff, | : | CASE NO. 10-CV-4703 |
| | : | |
| vs. | : | ANSWER AND COUNTERCLAIMS |
| | : | TO PLAINTIFF'S AMENDED |
| FLAVA WORKS, INC. | : | COMPLAINT |
| | : | |
| Defendant. | : | |

## ANSWER AND COUNTERCLAIMS

Defendant, Flava Works, Inc. ("Flava Works") through their undersigned attorneys, answer the Amended Complaint ("Complaint") as follows:

1. Except as hereinafter expressly admitted, qualified, or otherwise admitted, Defendants specifically deny each and every allegation, statement, matter and thing contained in the Amended Complaint.

## NATURE OF THE ACTION

2. Defendant denies the allegations contained in Paragraph 1 of the Amended Complaint.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Complaint, except upon information and belief, Plaintiff's alleged address is not the current place of business for Plaintiff.

4. Defendant admits the allegations contained in Paragraph 3 of the Amended Complaint.

## JURISDICTION AND VENUE

5. Defendant denies the allegations contained in Paragraphs 4 through 7 of the Amended Complaint, however, Defendant consents to the personal jurisdiction and venue of this Court.

## FACTUAL BACKGROUND

6. The Defendant realleges and incorporates their response to Paragraphs 1 through 7 of the Amended Complaint as if fully set forth herein.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 8 through 13 of the Amended Complaint, except to the extent such allegations constitute bare legal conclusions Defendant respectfully refers all issues of law to the Court, and otherwise denies the allegations.

8. The allegations contained in Paragraphs 14 through 16 of the Amended Complaint constitute bare legal conclusions requiring no response, to the extent a response is required Defendant respectfully refers all issues of law to the Court, denies all other allegations, and admits filing application number 77915525 with the USPTO.

9. The allegations contained in Paragraphs 17 through 26 of the Amended Complaint constitute bare legal conclusions requiring no response, to the extent a response is

{10058.010 00059516.1 }

required Defendant respectfully refers all issues of law to the Court, denies all other allegations, and admits operating the website at www.thugboy.com.

### COUNT I – TRADEMARK INFRINGEMENT

10. The Defendant realleges and incorporates paragraphs 1 through 26 as if fully set forth herein.

11. The allegations contained in Paragraphs 28 and 29 of the Amended Complaint constitute bare legal conclusions requiring no response, to the extent a response is required Defendant respectfully refers all issues of law to the Court and denies all other allegations.

### COUNT II – FALSE DESIGNATION

12. The Defendant realleges and incorporates their responses to Paragraphs 1 through 29 as if fully set forth herein.

13. The allegations contained in Paragraphs 31 and 32 of the Amended Complaint constitute bare legal conclusions requiring no response, to the extent a response is required Defendant respectfully refers all issues of law to the Court and denies all other allegations.

### COUNT III – COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

14. The Defendant realleges and incorporates their responses to Paragraphs 1 through 32 as if fully set forth herein.

15. The allegations contained in Paragraphs 34 and 35 of the Amended Complaint constitute bare legal conclusions requiring no response, to the extent a response is required Defendant respectfully refers all issues of law to the Court and denies all other allegations.

### DEFENSES

**FIRST DEFENSE**
(Subject Matter Jurisdiction)

16. The Court lacks subject matter jurisdiction over this matter as there is no valid dispute to support the Amended Complaint because this is a collusive law suit.

### SECOND DEFENSE
(Failure to State a Claim)

17. The Complaint fails to state a claim upon which relief can be granted.

### THIRD (AFFIRMATIVE) DEFENSE
(Estoppel)

18. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, laches, or estoppel.

### FOURTH (AFFIRMATIVE) DEFENSE
(Unclean Hands)

19. Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of unclean hands because Plaintiff instituted this lawsuit against Defendant in furtherance of a pattern of unfair competition, harassment, extortion, fraud, and interference with commerce in violation of federal and state antitrust statutes, RICO statutes, and trademark and copyright statutes.

### FIFTH (AFFIRMATIVE) DEFENSE
(Release)

20. Plaintiffs' claims are barred, in whole or in part, by the doctrine of release.

### SIXTH (AFFIRMATIVE) DEFENSE
(Res judicata/ Collateral Estoppel)

21. Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

WHEREFORE, Defendant prays that the Court dismiss all of Plaintiffs' claims and find for Defendant on all counts, and that Defendant be awarded costs, including reasonable attorneys' fees, and such other and further relief as this Court deems just and proper.

## COUNTERCLAIMS

### FACTUAL BACKGROUND

22. Defendant repeats and realleges the allegations contained in Paragraphs 1 through 21 above as if fully set forth herein.

23. Defendant Flava Works, is an internationally recognized producer of adult entertainment videos.

24. Defendant Flava Works was previously sued by Plaintiff as Lukebaby Productions, Inc. and Plaintiff have at times referred to the two companies interchangeably, therefore references to either Flava Works or Lukebaby shall be interchangeable solely for purposes of convenience; and the use of either name when the other may be intended as and shall not be deemed an admission in any way, shape or form, including without limitation by any party that Flava Works and Lukebaby are a partnership, joint venture, agent or subsidiary of the other.

25. Phillip Bleicher ("Bleicher") is a natural person and the owner of Flava Works, Inc.

26. Tyson TKO ("Tyson") has been performing in Flava Works productions since 2002.

27. Tyson has become well known and has become famous among consumers of adult entertainment as a Black male performer.

28. Tiger Tyson ("Tiger") is a male performer of Hispanic descent.

29. From February 2002 through January 2004, Andre Maisonette ("Maisonette") was an employee of Lukebaby Productions.

30. Maisonette, through information and belief, had knowledge of Tyson as a performer for Flava Works during his time of employment with Flava Works.

31. On or about February 23, 2004, Maisonette became affiliated with Pitbull, an unincorporated association at the time.

32. Maisonette has continuously been associated with Plaintiff since 2004.

33. On March 2, 2004, Pitbull commenced a civil action in United States District Court for the Southern District of New York, Index No. 04 CV 1710 (RMB) ("the Federal Action") captioned "Pitbull Productions, Inc. v. Phillip Bleicher individually and d/b/a LBPI a/k/a Lukebaby Productions, Inc. and Next Magazine."

34. The Federal Action concluded on September 9, 2004, in a settlement agreement ("Agreement").

35. Paragraph 10 of the Agreement states, in relevant part:

> Pitbull fully warrants, agrees, and covenants that any entities controlled, owned or for which Pitbull has an interest in now and in the future, will immediately completely cease and desist <u>forever</u> from registering or operating any domain name containing variations of Lukebaby and Bleicher domain names, including without limitation cocodorm, cocostore, cocoboyz, mixtitupboy, blockblusterthugs, thugs for sex, olatin, ***thugboy***, boyhookup, and papicock, and Pitbull fully warrants, agrees, and covenants that any entities controlled, owned or for which Pitbull has an interest in now and in the future, will immediately

completely cease and desist forever from utilizing any of the competitive names registered by Pitbull . . . (bold emphasis added).

36. Plaintiff owed a duty of good faith and fair dealing to Defendant contained in the Agreement, which Plaintiff breached upon filing the Complaint.

37. Defendant demanded Plaintiff withdraw the claims related to thugboy.com before Plaintiff filed the Amended Complaint based upon the Agreement, Plaintiff refused to withdraw such claims.

38. Plaintiff's filing of the Complaint and Amended Complaint constitutes an abuse of process.

## FIRST COUNTERCLAIM
(Breach of Implied Covenant of Good Faith and Fair Dealing)

39. Plaintiff owes a duty of good faith and fair dealing to Defendant, such duty being implied from the Agreement between Pitbull and Bleicher.

40. Plaintiff had ample opportunity to negotiate the term "thugboy" during the Agreement negotiations.

41. Plaintiff willingly and knowingly acknowledged that they would relinquish all claims related to the word "thugboy," amongst others, in the Agreement.

42. Plaintiff has acted in bad faith by now pursuing this lawsuit, almost six years later, alleging that Defendants use of the word "thugboy" is causing consumer confusion with Plaintiff's mark.

43. As a direct and proximate result of Plaintiff's conduct alleged in this Answer, Defendant has been damaged and will be damaged in an amount to be proven at trial.

**WHEREFORE**, Defendant prays that the court enter a judgment against Plaintiff:

A. Dismissing the Complaint in its entirety and awarding Plaintiff no relief therefrom;

B. Grating Defendant damages for Plaintiffs' breach of contract, in an amount to be identified at trial;

C. Awarding Defendant the costs of this action, together with reasonable attorney fees and disbursements; and

D. Such other and further relief as this court may deem just and proper.

Dated this 27th day of August 2010.

Respectfully submitted,

Signed Electronically /hm4711/
_____
Havona Madama, Esq.
Madama Griffitts O'Hara LLP
450 Park Avenue South
Eighth Floor
New York, New York 10016
Office: (212) 209-5450
Direct: (212) 209-5462
Facsimile:  (212) 209-5460
hm@madama-law.com