Jennifer Meredith (JM 4816)
Meredith & Keyhani, PLLC
330 Madison Avenue
6th Floor
New York, New York 10017
Telephone (212) 760-0098
Facsimile (212) 202-3819

Attorneys for Plaintiff
Pitbull Productions, Inc.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

### Case No.: 10 cv 04703 SHS

------------------------------------------------------x

**PITBULL PRODUCTIONS, Inc.,**                :
                               **Plaintiff,**                :
                        **v.**                               :
                                                             :
                                                             :
                                                             :
                                                                        :
**FLAVA WORKS, INC.,**                        :
                               **Defendant.**                :
------------------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION TO STRIKE AND/OR DISMISS

## TABLE OF CONTENTS

I.   DISMISSAL OF DEFENDANT'S FIRST COUNTERCLAIM
     UNDER FRCP 12(b)(6) IS WARRANTED…………………………….………1

     A. COUNTERCLAIM PLAINTIFF ALLEGES BREACH
        OF IMPLIED COVENANT OF GOOD FAITH AND FAIR
        DEALING BASED UPON A CONTRACT BETWEEN
        PARTIES NOT IN THE LAWSUIT…………………………….………1

     B. DEFENDANT, COUNTERCLAIM PLAINTIFF, ATTEMPTS
        TO CREATE AND ADD  NEW CONTRACTUAL
        OBLIGATIONS…………………………………………………………...3

II.  DISMISSAL OF DEFENDANT'S CLAIMS OF HARASSMENT,
     EXTORTION, FRAUD, INTERFERENCE WITH COMMERCE IN
     VIOLATION OF FEDERAL AND STATE ANTITRUST STATUTES,
     RICO STATUTES AND TRADEMARK AND COPYRIGHT STATUTES
     VIOLATIONS UNDER FRCP 12(f) …………………………………………4

III. DISMISSAL OF DEFENDANT'S CLAIMS OF HARASSMENT,
     EXTORTION, FRAUD, INTERFERENCE WITH COMMERCE IN
     VIOLATION OF FEDERAL AND STATE ANTITRUST STATUTES,
     RICO STATUTES AND TRADEMARK AND COPYRIGHT STATUTES
     VIOLATIONS UNDER FRCP 12(b)(6)………………………………………5

IV.  DEFENDANT'S FRAUD CLAIM FAILS TO MEET PLEADING
     REQUIREMENT OF FRCP 9(b)…………………………………………..6

V.   DEFENDANT FAILS TO STATE A CAUSE OF ACTION UNDER THE
     RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT
     (RICO)……………………………………………………………….……7

VI.  CONCLUSION ………………………………………………..………9

The Defendant, Counterclaimant, Flava Works, Inc., alleges breach of implied Covenant of Good Faith and Fair Dealing.  Plaintiff, Pitbull Productions, Inc., requests that the counterclaim be dismissed as failing to state a claim upon which relief can be granted as (1) there is no contract between the parties and therefore, there can be no cause of action for breach of the implied covenant of good faith and fair dealing; and (2) Defendant's claims create independent obligations beyond those agreed upon and stated in the express language of the settlement agreement.

The Defendant, Counterclaimant, Flava Works, Inc., alleges harassment, extortion, fraud, interference with commerce in violation of federal and state antitrust statutes, RICO statutes and trademark and copyright statutes in his Answer to the Amended Complaint without any support for such claims.  Plaintiff requests that Fourth Affirmative Defense be stricken and/or dismissed as attempting to assert unsubstantiated claims.

Plaintiff's counsel has contacted Defendant's counsel on September 18, 2010, September 23, 2010 and September 28, 2010 in an attempt to resolve this matter without the courts intervention.  Each of Plaintiff's emails was ignored and Defendants counsel never replied.

Plaintiff requests that paragraphs 16, 19, 20 and 22-43 of Defendant's Answer and Counterclaims be stricken and/or dismissed as failing to state a claim upon which relief can be granted.

# I.    DISMISSAL OF DEFENDANT'S FIRST COUNTERCLAIM UNDER FRCP 12(b)(6) IS WARRANTED

## A. COUNTERCLAIM PLAINTIFF ALLEGES BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING BASED UPON A CONTRACT BETWEEN PARTIES NOT IN THE LAWSUIT

Counterclaim Plaintiff claims that there is a duty of good faith and fair dealing to Flava Work, Inc. because of an agreement between Pitbull and an individual Philip Bleicher, who is not a party to the lawsuit**.**  Plaintiff, Pitbull Productions, previously sued Philip Bleicher individually and dba Lukebaby Productions, Inc. for trademark and

trade dress infringement, false designation of origin, trademark cybersquatting, commonlaw trademark infringement and unfair competition (relating to Plaintiff's trademark "thugporn" and Defendant's subsequent use of the trademark "thugporno") and copyright infringement (relating to the defendants adopting a nearly identical look and feel to Plaintiff's "thugporn.com" site at "thugporno.com").  Defendants countersued Plaintiff for trademark and trade dress infringement, false designation of origin, trademark cybersquatting, common law trademark infringement and unfair competition, copyright infringement, fraud, interference with business opportunity, slander and defamation, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, disclosure of trade secrets, violation of RICO statute and violation of antitrust statute in the Previous Action Counterclaims Docket No. 04-1710 (RMB), "Previous Action".

In evaluating a motion to dismiss under Rule 12(b)(6), the court must consider whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  Dismissal under Rule 12(b)(6) is proper when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).

Under New York law, a non-signatory cannot be held liable for breach of the implied covenant of good faith and fair dealing, because there is no contract between the two parties under which to find such an implied term. Levine v. Yokell, 258 A.D.2d 296, 296-97, 685 N.Y.S.2d 196 (N.Y. App. Div. 1999).  The contract at issue is signed by Lukebaby Productions, Inc. and Pitbull Productions, Inc.   In the present case, the parties are Pitbull Productions, Inc. and Flava Works, Inc.  Accordingly, there is  no contract between the parties and therefore, there can be no cause of action for breach of the implied covenant of good faith and fair dealing.    Accordingly, the First Counterclaim, paragraphs 39-43, must be dismissed.

Electronically Submitted                                                                                              2

### B. DEFENDANT, COUNTERCLAIM PLAINTIFF, ATTEMPTS TO CREATE AND ADD NEW CONTRACTUAL OBLIGATIONS

Defendants attempt to broaden claims litigated in that action and create independent obligations beyond those agreed upon and stated in the express language of the settlement agreement. Specifically, the settlement agreement provides "Parties agree to release each other from any and all claims and pleadings set forth in the Federal Action." See Exhibit A, Settlement Agreement, paragraph 16.   The Previous Action related to Defendants' use of trademark THUGPORNO and website (www.thugporno.com).   Now, Defendants are attempting to claim that Defendants' current use of the trademark THUGBOY and website (www.thugboy) were litigated, which a review of the second amended and final complaint clearly shows is not the case. See attached Exhibit B.   In fact, no where in the complaint is there any mention of the trademark THUGBOY or Defendants' use of the trademark THUGBOY.

It is well settled that "[u]nder New York law, a covenant of good faith and fair dealing is implicit in all contracts during the course of contract performance." *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 98 (2d Cir. 2007). This implied covenant "precludes each party from engaging in conduct that will deprive the other party of the benefits of their agreement." *Leberman v. John Blair & Co.*, 880 F.2d 1555, 1560 (2d Cir. 1989) (internal quotations and citations omitted). Accordingly, the duty of good faith and fair dealing is violated "when a party to a contract acts in a manner that, although not expressly forbidden by any contractual provision, would deprive the other of the right to receive the benefits under the agreement." *Don King Prods., Inc. v. Douglas*, 742 F. Supp. 741, 767 (S.D.N.Y. 1990).

Significantly, although this implied covenant bars actions not "expressly forbidden" by the contract but undertaken in bad faith, it does *not* "operate to create new contractual rights; it simply ensures that parties to a contract perform the substantive, bargained-for terms of their agreement and that parties are not unfairly denied express, explicitly bargained-for benefits." *Id.* (internal citations and quotations omitted). Accordingly, "no obligation can be implied that would be inconsistent with other terms of the contractual relationship." *Times Mirror Magazines, Inc. v. Field & Stream Licenses Co.*, 294 F.3d 383, 394-95 (2d Cir. 2002) (internal citations and quotations omitted); *see*

*also* *Higgs v. Columbia Univ.*, No. 05 Civ. 2642 (DF), 2009 U.S. Dist. LEXIS 3579, 2009 WL 77880, at *12 (S.D.N.Y. Jan. 5, 2009) (holding that "the implied covenant of good faith and fair dealing cannot be used to add to a party's substantive obligations or to contradict express terms of the agreement"); *Granite Partners, L.P. v. Bear, Stearns & Co. Inc*., 17 F. Supp. 2d 275, 306 (S.D.N.Y. 1998)   (holding that the implied covenant of good faith and fair dealing "cannot be used to create independent obligations beyond those agreed upon and stated in the express language of the contract").

Although  breach of this covenant may give rise to a claim of relief, *see* *Granite Partners, L.P. v. Bear, Stearns & Co.,* 17 F. Supp. 2d 275, 305 (S.D.N.Y. 1998), there are limitations on its scope. The Second Circuit has indicated that it is the "intent and reasonable expectations" of parties entering into a given contract that fix the boundaries of the covenant of good faith and fair dealing, provided that those expectations are consistent with the express terms of the contract. *Cross & Cross Props., Ltd. v. Everett Allied Co.,* 886 F.2d 497, 502 (2d Cir. 1989); *see also* *Dalton,* 87 N.Y.2d at 384. Hence, the purpose of the implied covenant of good faith is to further an agreement by protecting a promise against "breach of the reasonable expectations and inferences otherwise derived from the agreement." *TVT Records and TVT Music, Inc. v. The Island Def Jam Music Group,* 244 F. Supp. 2d 263, 278 (S.D.N.Y. 2003).

Defendant is attempting to infringe Plaintiff's trademark by using the THUGBOY trademark, under the shield of a settlement agreement related to a cause of action for Defendants' use of the THUGPORNO trademark.  In doing so, Defendant is attempting to create a new independent obligation that is not provided for by the agreement and was not the intention of the parties.  Defendants' counterclaim of Breach of Implied Covenant of Good Faith and Fair Dealing should be stricken and dismissed from the answer.

## II.   DISMISSAL OF DEFENDANT'S CLAIMS OF HARASSMENT, EXTORTION, FRAUD, INTERFERENCE WITH COMMERCE IN VIOLATION OF FEDERAL AND STATE ANTITRUST STATUTES, RICO STATUTES AND TRADEMARK AND COPYRIGHT STATUTES VIOLATIONS UNDER FRCP 12(f)

In evaluating a motion to strike, the court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Fed. R. Civ. P. 12(f).   Defendant moves to strike Plaintiff's reference to harassment, extortion, fraud, interference with commerce in violation of federal and state antitrust statutes, RICO statutes and trademark and copyright statutes.   There is no reasonable reading of the Answer and Counterclaim that could support the inclusion of such matter. Fraud and RICO have heightened pleading requirements, as their mere mention can be prejudicial.   Defendant can not circumvent these rules, by adding such claims as "affirmative defenses".   Any reference to harassment and extortion is scandalous, unsubstantiated and inappropriate.

## III.   DISMISSAL OF DEFENDANT'S CLAIMS OF HARASSMENT, EXTORTION, FRAUD, INTERFERENCE WITH COMMERCE IN VIOLATION OF FEDERAL AND STATE ANTITRUST STATUTES, RICO STATUTES AND TRADEMARK AND COPYRIGHT STATUTES VIOLATIONS UNDER FRCP 12(b)(6)

Defendant fails to state a claim upon which relief may be granted.   See Fed. R. Civ. P. 12(b)(6).   When deciding motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), a court draws all inferences in favor of the nonmoving party.   Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton College, 128 F.3d 59, 63 (2d Cir. 1997).   Ordinarily the pleading requirement is minimal and a nonmoving party must only plead the requisite elements of the cause of action.   Bonacci v. Lone Star International Energy, Inc., 1999 U.S. Dist. LEXIS 1564, *4 (S.D.N.Y. February 16, 1999).

The motion for dismissal will be granted when it appears beyond doubt that the non moving party can prove no set of facts in support of their claim which would entitle them to relief.   Id.

The Fourth Affirmative Defense asserted in Defendant's Answer alleges harassment, extortion, fraud, interference with commerce in violation of federal and state antitrust statutes, RICO statutes and trademark and copyright statutes. Counterclaim Plaintiff is attempting to assert a claim as an affirmative defense, and such an assertion is prejudicial and unsupported.   Even a cursory examination of the pleading requirements for a fraud and/or RICO claim would indicate that the allegations made here are defective.

## IV.    DEFENDANT'S FRAUD CLAIM FAILS TO MEET PLEADING REQUIREMENT OF FRCP 9(b)

Defendant's fraud claim lacks the pleading requirement set forth in FRCP 9(b). FRCP 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other condition of mind may be averred generally." FRCP 9(b) requires the claimant to specify which statements are purportedly fraudulent, who made those fraudulent statements, when and where the statements were made and why the statements are fraudulent. Mills v. Polar Molecular Corp., 12 F.3d 1170 (2d Cir. 1993); Tribune Co. v. Purcigliotti, 869 F. Supp. 1076 (S.D.N.Y. 1994).

A prima facie common law action for fraud requires four elements be established: (1) accused party made material representations that were false; (2) accused party knew the representations were false and made them to deceive accuser; (3) accuser justifiably relied on the accused party's representations; and (4) accuser sustained injury as a result of said representations. Channel Master Corp. v. Aluminum Sales, 4 NY2d 403, 407, 176 NYS 2d 259, 151 NE2d 833 (1958). Factual allegations containing the details constituting the wrong must support each element. Black v. Chittenden, 69 NY2d 665, 511 NYS2d 833, 503 NE2d 1370 (1986). Nowhere in Defendant's Answer is there any reference to any of the required four elements. Accordingly, Defendant must remove all reference to fraud.

### A.    DEFENDANT FAILS TO PLEAD SCIENTER

Defendant must also plead that the Plaintiff has knowledge of the falsity of its representations for a cause of action under common law fraud. Although scienter need not be plead with great specificity, some factual basis for the conclusory allegations of intent must be plead. Ouaknine v. Mac Farlane Development, 897 F.2d 75, 81 (2d Cir. 1990). The Defendant here provides no factual basis for its allegations, does not allege the requisite element of scienter (i.e. the intent to deceive) and as such is defective.

### B.    DEFENDANT FAILS TO PLEAD RELIANCE

This circuit requires that to sustain a claim of fraud, a party's reliance on a representation must be justifiable.  Lazard Freres & Co. v. Protective Life Ins. Co., 108 F. 3d 1531, 1541 (2d Cir. 1997).  Defendant's Counterclaims neither allege reliance on the purported fraudulent representations, nor contend that any reliance was justifiable.

### C.      DEFENDANT FAILS TO PLEAD DAMAGES

Injury to defendant is a required element of common law fraud.  Jackson Nat. Life Ins. Co. v. Ligator, 949 F. Supp. 200, 208 (S.D.N.Y. 1996).  Defendant's Counterclaims fail to allege any damages sustained by the Defendant for the alleged fraud and instead contains an omnibus prayer for damages.  While a claimant is not held to an *ad damnum* in its pleadings, it must be able to show that an actual pecuniary loss was suffered. Lehman v. Dow Jones & Co., 783 F.2d 285, 296 (2d Cir. 1986).

In an action for damages for fraud, pecuniary loss must be shown.  Urtz v. New York Cent. & H.R.R. Co., 202 NY 170, 95 NE 711 (1911).  Defendant here fails to allege with any particularity, damages or pecuniary loss it suffered.

## V.      DEFENDANT FAILS TO STATE A CAUSE OF ACTION UNDER THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO)

The assertion of a RICO claim stigmatizes any party and thus this Court has attempted to dismiss frivolous RICO claims at the early stages of litigation.  Katzman v. Victoria's Secret Catalog, et al., 167 F.R.D. 649, 655 (S.D.N.Y. 1996) citing Figueroa Ruiz v. Alegria, 896 F2.d 645,650 (1st Cir. 1990).  A RICO claim is defective if it does not allege the following: (1) predicate acts of racketeering activity; (2) a pattern of racketeering activity; and (3) a violation of 18 U.S.C. § 1961-1968.  Katzman, 167 F.R.D. at 655.

### A.      DEFENDANT FAILS TO ALLEGE RICO PREDICATE ACTS

In order to pursue a civil RICO claim, Defendant must allege one of the predicate acts specifically listed in 18 U.S.C. § 1961(1). This is an exclusive list of offenses

Electronically Submitted                                                                                          7

sufficient as a RICO predicate act.   See Red Ball Interior Demolition Corp. v. Palmadessa, 874 F. Supp. 576, 586 (S.D.N.Y. 1995).

Defendants fail to allege, or even mention, any predicate acts included in 18 U.S.C. §1961(1).  Defendants fail to provide a single factual basis for their conclusory allegations.  As such the mere mention of RICO must be removed.

## B.   DEFENDANT FAILS TO ALLEGE A PATTERN OF RACKETEERING ACTIVITY

To successfully pursue a RICO claim, Defendant must not only establish the predicate act, but also show that this predicate act was part of a pattern of racketeering activity.  Absent the requisite predicate act, a pattern, sufficient to satisfy a RICO claim cannot exist.  See Powers v. British Vita, P.L.C., 842 F. Supp. 153, 1584 (S.D.N.Y. 1994).  The Defendant fails to allege this requisite pattern.

## C.   DEFENDANT FAILS TO STATE A CLAIM UNDER 18 U.S.C. § 1964 (RICO)

Defendant fails to plead a RICO cause of action.  A RICO grants standing to pursue a civil damages remedy to "any person injured in his business or property by reason of a violation of [18 U.S.C. § 1962]".  18 U.S.C. § 1964(c).  In order to bring a claim under § 1964(c), Defendant must plead (1) Plaintiff's violation of § 1962, (2) an injury to the Defendant's business or property, and (3) causation of the injury by the Plaintiff's violation.  Commercial Cleaning Services, L.L.C. v. Colin Service Systems, Inc., 271 F.3d 374, 380 (2d Cir. 2001).  Defendant fails to allege a violation, injury, or causation.  As such dismissal of the Defendant's RICO claim, to the extent a claim is articulated, is warranted under FRCP 12(b)(6).

VI.    **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that paragraphs 16, 19, 20 and 22-43 of Defendants Answer and Counterclaims be stricken and/or dismissed

Meredith & Keyhani, PLLC

Dated: November 2, 2010                    By:  /s/ Jennifer Meredith
                                           Jennifer Meredith (JM 4816)
                                           Meredith & Keyhani, PLLC
                                           330 Madison Avenue
                                           6th Floor
                                           New York, New York 10017
                                           (212) 760-0098 telephone
                                           (212) 202-3819 telefax

                                           Attorney for Plaintiff
                                           Pitbull Productions, Inc.

## CERTIFICATE OF SERVICE

I, Jennifer Meredith, hereby affirm, declare and certify under penalty of perjury that I served or caused to be served Plaintiff's Motion to Strike and/or Dismiss and supporting Memorandum of Law in the above referenced matter via US Mail on November 2, 2010 upon Defendants through their counsel at following address:

> Havona Madama, Esq.
> Madama Griffitts LLP
> 450 Park Avenue South
> Eighth Floor
> New York, New York 10016

Jennifer Meredith